UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STUART BILYEU and
DOWNRIVER PAIN CLINIC, P.C.,

        Plaintiffs,

CASE NO. 08-11614

v.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

CATHY M. GARRETT,
SANDRA L. GANOS, and
GAIL KONCZAL,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING PRO SE COMPLAINT

### I. INTRODUCTION

Plaintiff Stuart Bilyeu is an inmate at the Federal Correctional Institution in Elkton, Ohio. He and the Downriver Pain Clinic, P.C., ("Plaintiffs") have filed a *pro se* "Application for Emergency Restraining Order." The Court construes the complaint liberally, as it must under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), to be a civil rights complaint seeking injunctive relief under 42 U.S.C. § 1983. Defendants are: Cathy M. Garrett, Clerk for Wayne County, Michigan; Sandra L. Ganos, an attorney employed at Evans, Pletkovic and Rhodes, P.C.; and Gail Konczal, the personal representative of Donald Konczal's estate.

Plaintiff Bilyeu alleges that he is a physician and proprietor of the Down River Pain Clinic, P.C., and that defendant Gail Konczal, through Sandra L. Ganos, sued him and his clinic in a wrongful death lawsuit. The state court complaint, which was filed in Wayne County Circuit Court, alleges that Dr. Bilyeu's negligence caused Donald Konczal's death.

Plaintiffs allege that the state court action is fraudulent and frivolous because Mr. Konczal caused his own death through chronic use of alcohol in combination with drugs. Plaintiffs further allege that Ms. Garrett impeded their efforts to defend themselves in the state court action by denying their application to proceed *in forma pauperis* and by refusing to accept their documents or to present the documents to the trial court. Plaintiffs seek to have this Court intervene in the state court matter.

## II. ANALYSIS

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiffs of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee, his civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above

the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal and end citations and footnote omitted).

Plaintiffs' allegations are frivolous and fail to state a claim because the facts as alleged indicate that Ms. Konczal is a private citizen and that Ms. Ganos is an attorney in private practice. Because neither Ms. Konczal, nor Ms. Ganos, are state actors, Plaintiffs have failed to establish a *prima facie* claim against Ganos and Konczal.

Plaintiffs' allegations against Wayne County Clerk Cathy M. Garrett also fail to state a claim. Exhibits to the complaint indicate that Garrett initially rejected Plaintiffs' application to waive fees and costs in the state court action. Garrett, however, enjoys absolute immunity from liability for quasi-judicial actions. *White v. Gerbitz*, 892 F.2d 457, 463-64 (6th Cir. 1989).

Furthermore, although prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), an official's negligent conduct fails to state a claim under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). "[A] plaintiff must show that the defendants acted with some intentional motivation to restrict his access to the courts. The plaintiff must show government action was designed to prevent access to the courts." *Morris v. Chillicothe*, 512 F.3d 1013, 1020 (8th Cir. 2008) (citing *Scheeler v. St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005)). Plaintiffs have not demonstrated that Garrett's alleged failure to accept and process their documents was an intentional effort to deprive Plaintiffs of their right of access to the courts.

Finally, to the extent that Plaintiffs are seeking a writ of mandamus to compel Garrett to perform her duties, Plaintiffs are not entitled to relief because "a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought . . . . [F]ederal courts

have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970).

**III. CONCLUSION**

Plaintiffs' allegations lack an arguable basis in law. Accordingly, the complaint is **DISMISSED** as frivolous, for failure to state a claim, and because one of the defendants enjoys immunity from suit. 28 U.S.C. § 1915(e)(2).

An appeal in this case would be frivolous and could not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff may not appeal this order and the accompanying judgment *in forma pauperis*.

**SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 19, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 19, 2008.

s/Denise Goodine  
Case Manager